UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-01506-JAK (PVCx) | Date | October 27, 2025 |
| Title | Michael Harris v. Doug Ruff Corp. et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Daniel Torrez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. 18)**

## I. <u>Introduction</u>

On February 21, 2025, Michael Harris ("Harris" or "Plaintiff") brought this action against Doug Ruff Corporation ("Doug Ruff Corp."); Americasia Investment LLC ("Americasia") (collectively "Defendants"); and Does 1 to 10. Dkt. 1 (the "Complaint"). The Complaint advances the following causes of action:

1. Violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131, *et seq.*;
2. Violation of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51–52;
3. Violation of the Disabled Persons Act, Cal. Civ. Code §§ 54, *et seq.*;
4. Violation of Cal. Health & Safety Code §§ 19955, *et seq.*; and
5. Negligence.

*Id.* ¶¶ 18–46.

On March 20, 2025, an order issued declining the exercise of supplemental jurisdiction over the second through fifth causes of action, which were dismissed without prejudice. Dkt. 12.

Doug Ruff Corp. was served with the Summons and Complaint on March 17, 2024, by substituted service, and copies of the Summons and Complaint were thereafter mailed to Doug Ruff Corp.'s address. *See* Dkt. 13. A corresponding proof of service was filed on April 10, 2025. *Id.* Americasia was served with the Complaint on March 17, 2025, by substituted service, and a corresponding proof of service was filed on April 10, 2025. Dkt. 14. After Defendants failed timely to respond to the Complaint, Plaintiff requested that the Clerk enter the default of each Defendant. Dkt. 15. Those defaults were entered on May 27, 2025. Dkt. 16. On June 30, 2025, Plaintiff filed a Motion for Default Judgment (the "Motion"). Dkt. 18.

In accordance with Local Rule 7-15, a determination was made that the Motion could be decided without oral argument, and it was taken under submission. Dkt. 19. For the reasons stated in this Order, the Motion is **GRANTED IN PART**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-01506-JAK (PVCx) | Date | October 27, 2025 |
| Title | Michael Harris v. Doug Ruff Corp. et al. | | |

## II. Background

### A. Parties

It is alleged that Plaintiff is a California resident with a physical disability. Dkt. 1 ¶ 1. It is alleged that Plaintiff suffers from hemiplegia and hemiparesis and is substantially limited in his ability to walk. *Id.* It is alleged that Plaintiff requires the use of a wheelchair at all times when moving in public. *Id.*

It is alleged that Defendants are, or were at the time of the incident, the real property owner, business operator, as well as lessor and/or lessee of the real property for a restaurant (the "Business"), which is located at or about 1000 Las Lomas Rd., Duarte, California. *Id.* ¶ 2.

### B. Substantive Allegations in the Complaint

It is alleged that the Business is "open to the public" and "a place of public accommodation that affects commerce through its operation." *Id.* ¶ 11. It is alleged that Plaintiff visited the Business in November 2024 and "encountered a number of barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Business." *Id.* ¶¶ 10, 12. Specifically, it is alleged that Defendants failed to provide proper van accessible space designated for the persons with disabilities as there were no "NO PARKING" markings, blue borderlines, or blue hatched lines painted on the parking surface to indicate the presence of an access aisle. *Id.* ¶ 13.

It is alleged that the barriers to entry denied Plaintiff full and equal access to the Business. *Id.* ¶ 14. It is also alleged that Plaintiff wishes to return to and to frequent the Business, but he is deterred from doing so because his knowledge of these violations prevents him from returning until the barriers are removed. *Id.*

### C. Remedies Sought in the Complaint

Plaintiff seeks the following remedies based on the ADA claim: (1) injunctive relief; (2) an award of attorney's fees; and (3) an award of litigation expenses and costs. Dkt. 1 at 10.

## III. Analysis

### A. Service of Process

#### 1. Legal Standards

A court must determine whether there was sufficient service of process on the party whose default was entered and against whom default judgment is requested. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). Where service is improper, it is unnecessary to resolve whether there is personal jurisdiction over a defendant. *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., LTD*, 484 U.S. 97, 104 (1987) ("[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *see also Swanson Painting Co. v. Painters Loc. Union No. 260*, 391 F.2d 523, 524 (9th Cir. 1968) ("[i]n the case of a party outside the state where the district court is located . . . there are two requisites to the acquiring of personal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-01506-JAK (PVCx) | Date | October 27, 2025 |
| Title | Michael Harris v. Doug Ruff Corp. et al. | | |

jurisdiction. The first is the obtaining of effective service of process. The second is existence of sufficient contacts between the party and the forum state so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.").

"[S]ervice of process in a federal action is covered generally by Rule 4 of the Federal Rules of Civil Procedure." *Omni Cap. Int'l*, 484 U.S. at 104. "[S]ervice of process must also comport with constitutional notions of due process" by being " 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016–17 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 314 (1950)).

2. Application

In general, domestic or foreign corporations, partnerships or other unincorporated associations may be served in the same manner as an individual. Fed. R. Civ. P. 4(h)(1)(A)–(B). Rule 4(e) states that "an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

California law sets forth requirements both as to who may be served (Cal. Code Civ. Proc. §§ 415.10–416.90), and the manner in which service on that person may be effected (Cal. Code Civ. Proc. §§ 416.10–415.95). As to the manner in which service may be effected, California law permits either personal service (Cal. Code Civ. Proc. § 415.10) or substituted service (Cal. Code Civ. Proc. § 415.20). As to substituted service, California law provides:

> (b) If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of their office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Code Civil. Proc. § 415.20(b).

California law also provides:

> If served under Section 415.10, 415.20, or 415.30, by the affidavit of the person making the service showing the time, place, and manner of service and facts showing that the service was made in accordance with this chapter. The affidavit shall recite or in other manner show the

> name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, the person's title or the capacity in which the person is served, and that the notice required by Section 412.30 appeared on the copy of the summons served, if in fact it did appear.

Cal. Code Civ. Proc. § 417.10(a).

Doug Ruff Corp. was served by substituted service on March 17, 2025. Dkt. 13 at 1. The proof of service states that Eliza Gurierrez who is a "Manager" was served at 1000 Las Lomas Road, Duarte, CA 91010. *Id.* It is also stated that Gurierrez is a person of at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. *Id.* It is also stated that Gurierrez was informed of the general nature of the papers. *Id.* It is also stated that copies were sent by first-class mail on March 17, 2025 to the Las Lomas Road address. *Id.* In the corresponding declaration of diligence, Michael Rodgers, the process server, declares that he made two unsuccessful attempts at service at 1000 Las Lomas Road, Duarte, CA 91010. *Id.* at 3. A review of the California Secretary of State's website shows that the principal address for Doug Ruff and its registered agent is 1000 Las Lomas Road, Duarte, CA 91010. California Secretary of State, Business Search, https://bizfileonline.sos.ca.gov/search/business. Because Plaintiff showed diligent efforts to effect personal service on Doug Ruff at that address, the substituted service at that address conforms with California law, and therefore, Rule 4.

Americasia was served by substituted service on March 17, 2025. Dkt. 14 at 1. The proof of service states that Lili Chen "agent for service of process" was served at 1000 Las Lomas Road, Duarte, CA 91010. It is stated that Chen is a person of at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. *Id.* It is also stated that Chen was informed of the general nature of the papers. *Id.* It is also stated that copies were sent by first-class mail on March 17, 2025 to the Las Lomas Road address. *Id.* In the corresponding declaration of diligence, Michael Rodgers, the process server, declares that he made two unsuccessful attempts at service at 1000 Las Lomas Road, Duarte, CA 91010. *Id.* at 3. A review of the California Secretary of State's website indicates that the principal address for Americasia and its registered agent is 1000 Las Lomas Road, Duarte, CA 91010. California Secretary of State, Business Search, https://bizfileonline.sos.ca.gov/search/business. It also states that Lili Chen is its registered agent. *Id.* Accordingly, service complied with Rule 4(e)(2)(C) (permits service by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process.").

For these reasons, there has been adequate service of process as to all Defendants.

B. Jurisdiction

1. <u>Legal Standards</u>

> When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties . . . .To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.

*In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999) (internal citations omitted). The moving party has the burden to establish that a court has personal jurisdiction over a defendant or other non-responsive party when seeking a default judgment against that party. *See Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003) (the plaintiff "bears the burden of establishing the district court's personal jurisdiction over the Defendants"); *Los Angeles Turf Club Inc. v. US Racing*, No. 2:21-cv-08303-FWS-DTB, 2024 WL 5423013, at *2 (C.D. Cal. Oct. 18, 2024) (citing cases).

Unless a federal statute governs whether there is personal jurisdiction, a district court applies the law of the forum state in making that determination. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). California's long-arm statute is co-extensive with federal standards. *Id.* (citing *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)). Accordingly, a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process. *Id.*

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal quotation marks omitted)). Accordingly, federal courts only have original jurisdiction in civil actions in which (1) there is a federal question; or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332.

2. <u>Application</u>

Personal jurisdiction over Defendants is satisfied because they own, operate or lease the property for a restaurant located in this District. Dkt. 1 ¶ 2. Thus, Defendants have "certain minimum contacts" with the state of California such that exercising jurisdiction over Defendants does not "offend traditional notions of fair play and substantial justice." *See Calder v. Jones*, 465 U.S. 783, 788 (1984).

Subject matter jurisdiction is also satisfied. Pursuant to 28 U.S.C. § 1331, there is federal question jurisdiction over Plaintiff's ADA claim, which arises from a federal statute. *See* 42 U.S.C. §§ 12101 *et seq.*

C. Default Judgment

1. <u>Legal Standards</u>

a) Procedural Requirements for Default Judgment

Local Rule 55-1 requires that a party moving for default judgment submit a declaration or include information regarding each of the following: (1) when and against what party the default was entered; (2) the identification of the pleading to which default has been entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521 does not apply; and (5) that notice has been served on the defaulting party, if required by Fed. R. Civ. P. 55(b)(2).

b) Substantive Standards for Entry of Default Judgment

Under Fed. R. Civ. P. 55(b), a trial court has discretion with respect to whether a default judgment should be entered. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The entry of default does not alone warrant or require the entry of a default judgment. *See id*. The Ninth Circuit has established seven factors that may be considered in determining whether a default judgment is appropriate. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). They are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Id.* "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

2. <u>Application</u>

a) Procedural Requirements

Plaintiff has satisfied the procedural requirements of Local Rule 55-1. Plaintiff has shown that the Complaint is the pleading to which Defendants have not responded and as to which their defaults were entered on May 27, 2025. Dkt. 16. In support of the Motion, Plaintiff provided the declaration of Jason Kim, Plaintiff's counsel ("Kim Decl."). Dkt. 18-2. Kim declares that Defendants are not infants or incompetent persons and Defendants are not subject to the Solders' and Sailors' Civil Relief Act. *Id.* ¶ 3. Although Plaintiff was not required to provide Defendants with notice of the Motion under Fed. R. Civ. P. 55(b)(2) because Defendants have not appeared in this action, Kim declares that notices of the Motion were served on Defendants by first-class U.S. mail. *Id.* ¶ 6; Dkt. 18-5.

b) *Eitel* Factors

(1) <u>The Possibility of Prejudice</u>

A plaintiff will be prejudiced if, absent the entry of a judgment, that plaintiff will be left without a remedy. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("[p]laintiff would suffer prejudice if the default judgment is not entered because Plaintiff would be without other recourse for recovery.") *overruled on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179 (9th Cir. 2016); *PepsiCo v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("[i]f Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Due to Defendants' failure to appear or participate in this litigation, Plaintiff will suffer prejudice unless a default judgment is entered because there would not be an alternative recourse or remedy. Therefore, the first *Eitel* factor weighs in favor of granting the Motion.

(2) <u>The Merits of Plaintiff's Substantive Claim and the Sufficiency of the Complaint</u>

The second and third *Eitel* factors overlap because a plaintiff must properly state a claim, and the allegations in the complaint are deemed true. Thus, if the complaint is sufficient, a plaintiff's substantive claim has merit for purposes of a request for the entry of a default judgment. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (allegations in the complaint must state a claim upon which the plaintiff may recover).

(a) Legal Standards

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

> To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) [the plaintiff] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability.

*Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010) (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)).

Discrimination under Title III of the ADA includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). In addition, even if "an entity can demonstrate that the removal of a barrier . . . is not readily achievable," the entity is still liable under the ADA if it fails to "make [its] goods, services, facilities, privileges, advantages, or accommodations available through alternative methods" so long as "such methods are readily achievable." *Id.* § 12182(b)(2)(A)(v).

(i) Architectural Barriers

Architectural barriers are defined by reference to the ADA Accessibility Guidelines. *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). However, "[a]ccessibility requirements can differ depending on when a public accommodation was constructed or last altered." *Langer v. Pac. Cap. LLC*, No. CV 15-9623 DSF (JEMx), 2017 WL 10509045, at *2 (C.D. Cal. Mar. 13, 2017). Public accommodations and facilities constructed or altered on or after March 15, 2012, must comply with the 2010 ADA Standards for Accessible Design (the "2010 Standards"); whereas, buildings constructed before and not altered after March 15, 2012, must comply with the 1991 ADA Standards for Accessible Design (the "1991 Standards"). DOJ, Civil Rights Div., *ADA Requirements: Effective Date and Compliance Date* (Feb. 16, 2011), https://archive.ada.gov/revised_effective_dates-2010.htm.

(ii) Readily Achievable Removal

The ADA defines the phrase "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Determining whether creating access by removing a barrier is "readily achievable" involves the application of the following factors: (1) the nature

and cost of the action needed; (2) the overall financial resources available; and (3) the type of operation involved. *Id.*

The Ninth Circuit has adopted a burden-shifting framework for evaluating whether removing a barrier is "readily achievable." *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1035–39 (9th Cir. 2020). Under that framework, ADA plaintiffs have an initial burden to "articulate a plausible proposal for barrier removal, 'the costs of which, facially, do not clearly exceed its benefits.' " *Id.* at 1038 (quoting *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 373 (2d Cir. 2008)). Once the plaintiff satisfies that burden, the defendant bears the burden of persuasion that the barrier removal is not readily achievable. *Id.* at 1036.

(b) Application

The Complaint satisfies the first and second elements of a violation of the ADA. As to the first element, the Complaint alleges that Plaintiff suffers from hemiplegia and hemiparesis, which substantially limits his ability to walk and requires her to use a wheelchair for mobility. Dkt. 1 ¶ 1. Therefore, the Complaint sufficiently pleads that Plaintiff is disabled within the meaning of the ADA. *See* 42 U.S.C. § 12102(1)(A) (defining "disability" as "a physical or mental impairment that substantially limits one or more major life activities"); 42 U.S.C. § 12102(2)(A) (walking is a "major life activit[y]"). As to the second element, the Complaint alleges that the Business is a place of public accommodation, and that Defendants are the owners , operators, lessors and/or lessees of the real property at which the Business is located. Dkt. 1 ¶ 2. Therefore, the Complaint sufficiently pleads that Defendants own, lease, or operate a place of "public accommodation." 42 U.S.C. § 12181(7)(B).

(i) <u>Architectural Barriers</u>

The third requirement presents issues that are less clear. The Complaint alleges one defect with respect to Defendants' parking space designated for persons with disabilities: Defendants failed to provide proper van accessible space designated for the persons with disabilities as there were no "NO PARKING" markings, blue borderlines, or blue hatched lines painted on the parking surface to indicate the presence of an access aisle. Dkt. 1 ¶ 13.

Although this this defect lists violations of the California Building Code (*see* Cal. Code Regs. tit. 24, §§ 11B-502.3.3, 11B-502.6.2, 11B-502.8.2), they are not listed requirements in either the 1991 Standards or the 2010 Standards. Plaintiff appears to suggest that the ADA Accessibility Guidelines (the "Guidelines") incorporate the California Building Code as the standard for properly marking an accessible parking space, *i.e.*, that a failure to comply with the California Building Code results in a per se violation of the ADA. Dkt. 1 ¶¶ 22–23. However, the provision of the Guidelines cited by Plaintiff does not support that conclusion. *Johnson v. Cala Stevens Creek/Monroe, LLC*, 401 F. Supp. 3d 904, 913 (N.D. Cal. 2019) ("[36 C.F.R Pt. 1191 provides] no basis for treating a violation of the California Building Code as a per se violation of the ADA"). To the contrary, the advisory to Section 502.3.3 of the 2010 Standards "states only that the method and color of marking '*may* be addressed by State or local laws or regulations,' not that such laws or regulations are sufficient by themselves to establish a violation of the ADA." *Vogel v. Kafco P'ship*, No. 2:19-CV-00656-R-MRW, 2019 WL 8108714, at *3 (C.D. Cal. Sept. 25, 2019) (emphasis in original). "Thus, [Defendants'] non-compliance with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-01506-JAK (PVCx) | Date | October 27, 2025 |
| Title | Michael Harris v. Doug Ruff Corp. et al. | | |

California Building Code does not establish a violation of the ADA." *Id.* Accordingly, this defect is not an actionable violation of the ADA.

For the foregoing reasons, the Complaint does not state a claim upon which relief may be granted under the ADA. Therefore, the second and third *Eitel* factors, which are the two "most important" factors, *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (citation omitted) weigh strongly against the entry of default judgment. When the Complaint fails to state a claim upon which relief can be granted, a motion for default judgment may be denied on this basis alone. *See, e.g.*, *Doering v. Baasch*, No. 2:24-CV-03424-JLS-BFM, 2024 WL 4868647, at *2 (C.D. Cal. Oct. 22, 2024) ("A plaintiff's failure to satisfy the second and third [*Eitel*] factors is sufficient grounds on which to deny a motion for default judgment"); *Lee v. Woo*, No. 8:25-CV-00559-FWS-DFM, 2025 WL 2093428, at *7 (C.D. Cal. July 11, 2025) (denying default judgment after concluding the second and third *Eitel* factors not satisfied); *Bailey v. HVSN Enters. Inc.*, 2021 WL 794501, at *2 (C.D. Cal. Mar. 2, 2021) ("The second and third *Eitel* factors alone demonstrate that default judgment is improper, and the Court need not assess the remaining factors.").

## IV. Conclusion

For the reasons stated in this Order, the Motion is **DENIED** Accordingly, the action is dismissed without prejudice.

**IT IS SO ORDERED.**

:

Initials of Preparer DT